# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARCOS PEREZ-TREVINO,<br><br>Defendant. | Case No. CR15-2037<br><br>ORDER DENYING MOTION FOR BILL OF PARTICULARS |

On the 1st day of April 2016, this matter came on for hearing on the Motion for Bill of Particulars (docket number 195) filed by Defendant Marcos Perez-Trevino on March 16, 2016. The Government was represented by Assistant United States Attorney Lisa C. Williams. Defendant appeared in court and was represented by his attorney, Rockne Cole.

On August 26, 2015, Defendant and ten others were charged by indictment with conspiracy to distribute methamphetamine. Defendant appeared and pled not guilty on November 24, 2015. The trial was initially scheduled on January 25, 2016, but was later continued to May 2, and continued again until August 8.

On March 16, 2016, Defendant filed the instant motion for a bill of particulars. Defendant asks the Government to (a) specify the overt acts "connecting him" with the named conspirators, and (b) provide the "names of unnamed conspirators that Government claims he conspired with." The Government argues the motion is untimely and, in any event, without merit.

"If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009) (citing FED. R. CRIM. P. 7(f)). The Defendant may move for a bill of particulars within 14 days after the arraignment,

although the motion may be filed "at a later time if the court permits." RULE 7(f). Here, Defendant was arraigned on November 24, 2015. The deadline for filing a motion for bill of particulars, absent permission by the Court, was December 8. The motion was not filed until March 16, 2016, some 99 days after the deadline had expired.

At the time of hearing, Defendant's counsel asserted there was "a very simple explanation" for Defendant's failure to timely file the motion for bill of particulars. According to Defendant's counsel, he waited until he had reviewed the "voluminous" discovery file and, finding little evidence tying Defendant to the alleged conspiracy, filed the motion for bill of particulars at that time. The Government concedes the discovery file in this conspiracy case is substantial. According to the prosecutor, however, the discovery materials are searchable by keyword and, therefore, defense counsel "simply needs to put his client's name in the search box, press search, and then all the documents related to his client are returned to him." Moreover, the Government notes that defense counsel "waited two full months before he even picked up the discovery materials in this case." Furthermore, the proposed plea agreement extended by the Government allegedly "contains a detailed factual basis in which the government lays out in specificity what we believe Mr. Trevino's involvement is in the conspiracy."

"The purpose of a bill of particulars is to inform the defendant of the nature of a charge with 'sufficient precision to enable him to prepare for trial' and "to avoid or minimize the danger of surprise at trial.'" *Livingstone*, 576 F.3d at 883 (quoting *United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002)). *See also United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993). "[A] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *Livingstone*, 576 F.3d at 883; *Wessels*, 12 F.3d at 750.

The Court concludes that Defendant's motion for bill of particulars was not timely filed and will be denied for that reason. Even *if* the Court permitted Defendant's late

2

Case 6:15-cr-02037-LRR-MAR   Document 238   Filed 04/05/16   Page 2 of 3

filing, however, I believe the motion fails on its merits. The indictment clearly states the nature of the charge against Defendant. *Wessels*, 12 F.3d at 750 ("An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted."). Moreover, the Government's "open file" discovery policy produced the relevant documents in a searchable format, thereby providing Defendant with the necessary tools to discover the evidence against him. Defendant's task in this regard is made easier by the Government's proposed plea agreement, which apparently sets forth a stipulation of facts enumerating Defendant's alleged involvement in the conspiracy. The Court finds the motion should be denied.

## ORDER

IT IS THEREFORE ORDERED that the Motion for Bill of Particulars (docket number 195) filed by Defendant Marcos Perez-Trevino is **DENIED**.

DATED this 5th day of April, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA