# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARCOS PEREZ-TREVINO,<br><br>Defendant. | Case No. CR15-2037<br><br>ORDER DENYING MOTION TO SEVER AND TRANSFER VENUE |

On the 1st day of April 2016, this matter came on for hearing on the Motion to Sever and Transfer Venue [to] Oklahoma (docket number 196) filed by Defendant Marcos Perez-Trevino on March 16, 2016. The Government was represented by Assistant United States Attorney Lisa C. Williams. Defendant appeared in court and was represented by his attorney, Rockne Cole.

On August 26, 2015, Defendant and ten others were charged by indictment with conspiracy to distribute methamphetamine. Defendant appeared on November 24, 2015 and entered a plea of not guilty. The trial was initially scheduled on January 25, 2016, but was later continued to May 2, and continued again until August 8. Defendant asks that his trial be severed from that of the other alleged co-conspirators, and moved to Oklahoma.

In support of his motion, Defendant notes that "[o]n August 12, 2015, officers in Choteau Oklahoma seized nearly 1 kilogram of methamphetamine from a vehicle in which Defendant was driving." Defendant asserts that "[t]his [is] by far the largest piece of evidence in this case," and claims "the bulk of the evidence in this case consists of small user quantities of methamphetamine." The Government argues that because overt acts in furtherance of the conspiracy were committed in the Northern District of Iowa, venue is proper in this district.

It is undisputed that a criminal trial must be held in the jurisdiction where the crime allegedly occurred. Article III, Section 2 of the Constitution provides that criminal trials "shall be held in the State where the said Crimes shall have been committed." Similarly, the Sixth Amendment to the Constitution guarantees the accused a trial "by an impartial jury of the State and district wherein the crime shall have been committed." Furthermore, FED. R. CRIM. P. 18 requires that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed."

Title 18 U.S.C. § 3237(a) states that a crime "committed in more than one district" may be prosecuted "in any district in which such offense was begun, continued, or completed." Venue in a conspiracy case is proper "in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators." *United States v. Bascope-Zurita*, 68 F.3d 1057, 1062 (8th Cir. 1995) (quoting *United States v. Bonadonna*, 775 F.2d 949, 955 (8th Cir. 1985)). *See also United States v. Romero*, 150 F.3d 821, 824 (8th Cir. 1998) (same). It should be noted, however, that if a defendant is charged in a separate count for a "substantive crime stemming from the conspiracy count," then venue must also be established for that separate count. That is, "[w]hen a defendant is charged with more than one count, venue must be proper with respect to each count." *United States v. Granados*, 117 F.3d 1089, 1091 (8th Cir. 1997).

Here, it is alleged that Defendant was part of a conspiracy to distribute controlled substances in the Northern District of Iowa. It cannot reasonably be argued that venue in the Northern District of Iowa for the overall conspiracy is lacking.[1] Defendant hopes to avoid prosecution in this district, however, by arguing that the "largest piece of evidence" against him is his apparent possession of nearly 1 kilogram of methamphetamine in

---

[1] The Government bears the burden of proving venue by a preponderance of the evidence. *Bascope-Zurita*, 68 F.3d at 1062. Venue is ordinarily a question of fact for the jury to decide. *Id.* However, when the relevant facts to determining venue are not disputed, the district court may resolve the issue as a matter of law. *Id.*
2

Oklahoma. With that exception, according to Defendant, "the bulk of the evidence in this case consists of small user quantities of methamphetamine." At the instant hearing, Officer Bryan Furman of the DEA Task Force testified that Jessica Acosta and Alvaro Hernandez provided authorities with information regarding Defendant's involvement in the conspiracy. Ms. Acosta told authorities she had purchased large amounts of methamphetamine from Defendant. Ragan Victor also told authorities she had purchased user amounts of methamphetamine from Defendant.

*If*, as a consequence of the traffic stop in Oklahoma, Defendant had been charged in a separate count with possession of methamphetamine with intent to deliver, then venue for that count may not lie in the Northern District of Iowa. In this case, however, Defendant is charged with conspiracy to distribute methamphetamine in the Northern District of Iowa. Because overt acts in furtherance of the conspiracy were committed by conspirators in the Northern District of Iowa, venue lies in this district. Whether Defendant voluntarily and intentionally joined in the conspiracy will be determined by the jury. Defendant's motion to sever and transfer venue will be denied.[2]

## ORDER

IT IS THEREFORE ORDERED that the Motion to Sever and Transfer Venue (docket number 196) filed by Defendant Marcos Perez-Trevino is **DENIED**.

DATED this 5th day of April, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[2] The Court notes that the second sentence of FEDERAL RULE OF CRIMINAL PROCEDURE 18, which addresses the "place of trial within the district," has no application here.

3

Case 6:15-cr-02037-LRR-MAR    Document 239    Filed 04/05/16    Page 3 of 3