# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 15-CR-2037-LRR-9 |
| vs. | **ORDER** |
| MARCOS PEREZ-TREVINO, | |
| Defendant. | |

_____

## I. INTRODUCTION

The matter before the court is Defendant Marcos Perez-Trevino's "Motion in Limine" ("Motion") (docket no. 346).

## II. RELEVANT PROCEDURAL HISTORY

On August 26, 2015, the grand jury returned a one-count Indictment (docket no. 12), charging Defendant and others with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. Defendant has pleaded not guilty and a jury trial is scheduled to commence with jury selection on August 5, 2016, and evidence on August 9, 2016. *See* Trial Scheduling Order (docket no. 338). On July 18, 2016, Defendant filed the Motion. On July 25, 2016, the government filed a Resistance (docket no. 356). On July 25, 2016, the parties appeared before the court for a final pretrial conference, during which they addressed the issues appearing in the Motion. *See* July 25, 2016 Minute Entry (docket no. 362). The matter is fully submitted and ready for decision.

## III. ANALYSIS

In the Motion, Defendant seeks the following pretrial evidentiary rulings: (1) that the entirety of recorded statements made by Defendant to law enforcement in August of 2014 be admissible if the government seeks to admit portions of such statements; (2) exclusion of certain testimony describing actions purportedly taken or motivations purportedly held by Defendant; (3) that analysts that prepared lab reports regarding the

quantity and purity of methamphetamine involved in the instant case appear to testify at trial; and (4) exclusion of testimony by law enforcement officers with respect to hearsay statements that motivated certain portions of the underlying investigation. *See* Motion at 2. The court will address each issue raised by Defendant in turn.

### *A. Recorded Statements*

Defendant argues that, if the government introduces portions of recorded statements that Defendant made to law enforcement officers in August of 2014, then Defendant should be permitted to introduce the entirety of the recorded statements. *See* Brief in Support of Motion at 3.[1] Defendant recognizes that it would normally be inadmissible under the rule against hearsay for him to introduce his own exculpatory statements. *See id.* However, Defendant argues that, because the government will introduce only select portions of the recorded statements, he is entitled to introduce the entirety of the recorded statements, including any exculpatory portions. *See id.*

"If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Rule 106 functions "to avoid misleading impressions created by taking matters out of context." *United States v. Ramos-Caraballo*, 375 F.3d 797, 802 (8th Cir. 2004). It "does not 'empower a court to admit unrelated hearsay in the interest of fairness and completeness.'" *Id.* at 803 (alteration omitted) (quoting *United States v. Woolbright*, 831 F.2d 1390, 1395 (8th Cir. 1987)). Therefore, the party invoking Rule 106 to introduce additional portions of a recorded statement "must specify the portion of the [recorded statement] that is relevant to the issue at trial and that qualifies or explains portions already

---

[1] Notably, the government has, in fact, signaled its intent to introduce select portions of the recorded statements in question. *See* Government Trial Memorandum (docket no. 342) at 5.

admitted." *United States v. Mohamed*, 727 F.3d 832, 837 (8th Cir. 2013) (quoting *United States v. King*, 351 F.3d 859, 866 (8th Cir. 2003)).

In the Motion, Defendant suggests that Rule 106 entitles him to admission of the entirety of the recorded statements he made to law enforcement in August of 2014. *See, e.g.*, Brief in Support of Motion at 3, 5 (arguing for "admission of the entire interview"). However, as noted above, Rule 106 takes a narrower view than what Defendant describes. It does not categorically permit the admission of an entire recording every time an adverse party introduces pieces of the recording into evidence. Instead, the rule permits admission only of those portions that give context to the pieces of the recording introduced by the adverse party, consistent with the rule's purpose to "avoid misleading impressions created by taking matters out of context." *Ramos-Caraballo*, 375 F.3d at 802. "[I]n some cases Rule 106 may require that all . . . of [a] recorded conversation[] be played to avoid misleading the jury," *King*, 351 F.3d at 866, but that is not always the case. The court maintains "broad discretion" to efficiently see that Rule 106 is satisfied. *Id.* (quoting *United States v. Webber*, 255 F.3d 523, 526 (8th Cir. 2001)). Because Defendant has not specified what portions of the recorded statements he believes will provide relevant context to the portions introduced by the government, and has likewise not identified what he anticipates the government's portions to include, the court cannot make a ruling at this stage in the proceedings. Accordingly, the court shall deny the Motion with respect to this issue.

### B. Testimony Lacking Personal Knowledge

Defendant argues that the court should exclude certain anticipated testimony about which the witnesses purportedly lack personal knowledge. *See* Brief in Support of Motion at 7-9. First, Defendant argues that Regan Victor should not be permitted to testify that Defendant purchased methamphetamine from her boyfriend, Rafael Avalos-Castallano. *Id.* at 7-8. Second, Defendant argues that Jessica Ceniceros should not be permitted to

3

Case 6:15-cr-02037-LRR-MAR    Document 364    Filed 07/26/16    Page 3 of 7

testify that Alvaro Hernandez worked for Defendant. *Id.* at 8. Third, Defendant generally argues that witnesses should not be permitted to testify about Defendant's purported intention to take over the methamphetamine distribution operation after another individual involved with the operation was arrested. *Id.* at 8-9. Defendant argues that each of these potential statements would not be based on the witnesses' personal knowledge, but instead on mere speculation. Defendant points to certain language appearing in proffers and grand jury testimony to support his argument. *See id.* at 7-9.

Federal Rule of Evidence 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. A witness's personal knowledge may be established by his or her own testimony. *See id.* The proffer statements and synopsis of grand jury testimony emphasized by Defendant reflect that Victor believes Defendant "may have" purchased methamphetamine from her boyfriend, Ceniceros "believed" that Hernandez worked for Defendant and a law enforcement witness "believed" Defendant intended to take over the methamphetamine distribution operation. *See* Brief in Support of Motion at 7-9. Beyond these vague statements, Defendant provides no indication that the witnesses lack personal knowledge. Based solely on the limited statements provided, the court cannot conclude that the witnesses lack personal knowledge to support their potential testimony on the stated matters. Accordingly, the court shall deny the Motion with respect to this issue.

### C. *Appearance of Lab Analysts*

Defendant argues that the analysts that prepared lab reports concerning the type and quantity of controlled substances seized from Defendant must appear to testify at trial. Brief in Support of Motion at 9. Defendant argues that, if the analysts do not testify and cannot be cross-examined regarding their lab reports, the lab reports must be excluded pursuant to the Confrontation Clause of the Sixth Amendment. *Id.* at 9-10.

The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. "[U]nder the Confrontation Clause testimonial statements are inadmissible unless the testifying witness appears at trial or, if the witness is unavailable, the defendant had a prior opportunity to cross examine him." *United States v. Ortega*, 750 F.3d 1020, 1025 (8th Cir. 2014). Statements are testimonial if their primary purpose "is to establish or prove past events potentially relevant to later criminal prosecution." *Ohio v. Clark*, __ U.S. __, __, 135 S. Ct. 2173, 2180 (2015) (quoting *Davis v. Washington*, 547 U.S. 813, 822 (2006)). Forensic reports stating the quantity and type of a controlled substance are testimonial statements when prepared for use in a criminal prosecution. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310 (2009). As such, this type of forensic report is inadmissible unless (1) the analyst that prepared it appears to testify at trial, or (2) the analyst is unavailable to testify, but the defendant has "had a prior opportunity to cross-examine" him or her. *See id.*; *see also Bullcoming v. New Mexico*, 564 U.S. 647, 661-63 (2011) (reaffirming that the analyst who in fact prepared the report must be subject to cross-examination and a substitute analyst will not suffice).

Defendant refers to two lab reports that he anticipates the government introducing at trial. Brief in Support of Motion at 9. Defendant asserts that he has not yet had the opportunity to cross-examine the analysts that prepared the two reports and must be given the opportunity to do so at trial. *See id.* The government states that the analysts will testify at trial and, therefore, does not oppose the Motion to the extent that it seeks to secure the analysts' appearance to testify. Resistance at 1-2. Accordingly, the court shall grant the Motion with respect to this issue.

### D. Hearsay Statements

Defendant argues that the court should exclude testimony from law enforcement officers in which they describe hearsay statements that served as a basis for certain portions of the investigation. *See* Brief in Support of Motion at 12-13.

As noted above, the Confrontation Clause prohibits the introduction of testimonial hearsay statements. *See United States v. Holmes*, 620 F.3d 836, 841 (8th Cir. 2010) (citing *Crawford v. Washington*, 541 U.S. 36, 51 (2004)). An out-of-court statement is hearsay only if it is offered for "the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). As such, "[w]here an out-of-court statement is offered not for the truth of the matter asserted but rather 'to explain the reasons for or propriety of a police investigation,' then it is not hearsay and does not implicate the Confrontation Clause." *United States v. Shores*, 700 F.3d 366, 374 (8th Cir. 2012) (quoting *United States v. Malik*, 345 F.3d 999, 1001 (8th Cir. 2003)). However, use of out-of-court statements to explain a police investigation is limited in scope: "This type of evidence will be allowed into evidence . . . only when the propriety of the investigation is at issue in trial." *Holmes*, 620 F.3d at 841.

The question of whether "the propriety of the investigation is at issue in trial" is fact-intensive. *Compare id.* at 841-42 (concluding that numerous detailed CI hearsay statements were inadmissible where the defendant argued that he had no connection to the house targeted by the government investigation and the scope of the hearsay statements "went well beyond establishing the propriety of the investigation"), *with Shores*, 700 F.3d at 374 (concluding that CI hearsay statements were admissible where the defendant argued that he was "a victim of government targeting" and the hearsay statements rebutted such argument by establishing why the government focused its investigation on the defendant and not others), *and United States v. Brooks*, 645 F.3d 971, 977 (8th Cir. 2011) (concluding that CI hearsay statements were admissible where the statements explained

"why the officers went to [a] residence without a warrant and why they would be more interested in apprehending the [defendant] than the man who fled the scene"). In the Motion, Defendant does not articulate what the anticipated hearsay statements would include or what parts of the government investigation occurred in response to the statements. Likewise, Defendant conclusively states that he "does not intend to call into [question the] propriety of the investigation," Brief in Support of Motion at 12, but provides no insight into what his defense will include, thereby preventing the court from adequately determining whether Defendant does or does not raise questions about the government's investigation.[2] Lacking such information, the court cannot issue a ruling at this stage of the proceedings. Accordingly, the court shall deny the Motion with respect to this issue.

## IV. CONCLUSION

In light of the foregoing, the Motion (docket no. 346) is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED**.

**DATED** this 26th day of July, 2016.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[2] Defendant concedes that "[t]his issue will almost certainly have to be resolved at trial." Brief in Support of Motion at 10.